1  JASON A. WEISS (BAR NO. 185268)
   CHARLENE J. WILSON (BAR NO. 222497)
2  ALLEN MATKINS LECK GAMBLE
      MALLORY & NATSIS LLP
3  1900 Main Street, Fifth Floor
   Irvine, California 92614-7321
4  Phone: (949) 553-1313
   Fax: (949) 553-8354
5  E-Mail: jweiss@allenmatkins.com
             cwilson@allenmatkins.com
6
   Attorneys for Defendant
7  SAPIENT CORPORATION

8               UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11 RICHARD MIGLIOZZI,              Case No. **'08 CV 1045 IEG CAB**

12            Plaintiff,           **NOTICE OF REMOVAL OF ACTION
                                   UNDER 28 U.S.C. § 1441(b)**
13     vs.                        **(DIVERSITY)**

14 SAPIENT CORPORATION; and DOES
   1 through 50, inclusive,
15                                 Complaint Filed:   April 21, 2008
            Defendants.            Trial Date:        None Set
16

17        **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

18        **PLEASE TAKE NOTICE** that Defendant Sapient Corporation

19 ("Defendant") hereby removes to the United States District Court for the Southern

20 District of California, the action pending in the Superior Court of the State of

21 California, County of San Diego, Case No. 37-2008-82353-CU-DF-CTL, and states

22 as follows:

23     · 1.    On or about April 21, 2008, an action was commenced in the Superior

24 Court of the State of California in and for the County of San Diego ("Superior

25 Court") entitled "Richard Migliozzi, Plaintiff v. Sapient Corporation; and DOES 1

26 through 50, inclusive, Defendants" as Case Number 37-2008-82353-CU-DF-CTL

27 ("Action"). A copy of the Complaint in the Action is attached hereto as Exhibit "A."

28



1      2.      Defendant was first served with a copy of the Summons and Complaint

2    on May 14, 2008, when Defendant signed a Notice of Acknowledgment of Receipt,

3    a copy of which is attached hereto as Exhibit "B."

4      3.      As of the filing of this Notice of Removal, Defendant has not filed an

5    Answer to Plaintiff's Unverified Complaint with the Superior Court.

6      4.      Defendant's removal is timely in that this Notice of Removal is filed

7    within thirty (30) days of service of the Summons and Complaint in the Action.

8    28 U.S.C. § 1446(b).  In addition, no other defendants are required to join in this

9    Notice of Removal because no other defendants have been named or served.

10     5.      This Court also has original, but not exclusive, jurisdiction over this

11    Action under 28 U.S.C. Section 1332.  This Action is one which may be removed to

12    this Court pursuant to the provisions of 28 U.S.C. Section 1441(b) in that it is a civil

13    action between citizens of different states and the amount in controversy exceeds the

14    sum of $75,000, exclusive of interest and costs.

15     6.      Plaintiff alleges in Paragraph 1 of the Complaint, that he was, at the

16    time of the filing of the Action, and still is, an adult living in the City of San Diego,

17    County of San Diego, State of California.

18     7.      Defendant Sapient Corporation is currently, and was at the time of the

19    filing of the Action, a corporation incorporated under the laws of the State of

20    Delaware, having its principal place of business in the State of Massachusetts.

21     8.      The Complaint on its face seeks damages in excess of $75,000,

22    exclusive of interest and costs (See Complaint, ¶¶ 24, 30-31, 35-36, 40, 44-45, 48-

23    49, 57 & Prayer for Damages.)

24     9.      Concurrent with the filing of this Notice of Removal, Defendant will

25    serve all adverse parties with the Notice to Superior Court and Adverse Parties of

26    Removal to Federal Court.  A copy of this Notice (without exhibits) is attached

27    hereto as Exhibit "C."

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

847719.01/OC                                   -2-

1    10.   Exhibit "A" and Exhibit "B" to this Notice of Removal constitute all

2 process, pleadings and orders believed to be on file with the Superior Court. The

3 original of Exhibit "C" will be filed with the Superior Court.

5 Dated: June  //  , 2008         ALLEN MATKINS LECK GAMBLE
                            MALLORY & NATSIS LLP

7                        By:

8                           JASON A. WEISS
                           Attorneys for Defendant
9                           SAPIENT CORPORATION

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA )
                    ) ss.:
COUNTY OF ORANGE    )

  I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1900 Main Street, Fifth Floor, Irvine, California 92614-7321.

  On June 12, 2008, I served on interested parties in said action the within:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

by placing a true copy thereof in sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Irvine, California.

    Brian C. Gonzalez, Esq.
    Law Offices of Brian C. Gonzalez
    2533 S. Coast Highway 101, Suite 250
    Cardiff by the Sea, California 92007

  I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

  I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

  Executed on June 12, 2008, at Irvine, California.


Stephanie S. Pattis                          _(Signature)_
(Type or print name)

**EXHIBIT A**



1   Brian C. Gonzalez, Esq.    State Bar # 140348
    LAW OFFICES OF BRIAN C. GONZALEZ
2   2533 S. Coast Highway 101, Suite 250
    Cardiff by the Sea, California 92007
3   Phone:    (760)436-9529
    Facsimile:  (760)436-4895
4

5   Attorneys for Plaintiff RICHARD MIGLIOZZI

6

7
            SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
            COUNTY OF SAN DIEGO–CENTRAL DIVISION
9

10                                          37-2008-00082353-CU-DF-CTL

11  RICHARD MIGLIOZZI                  )    Case No. 37-2008-82353 CU
                                       )
12              Plaintiff,             )    COMPLAINT FOR DAMAGES FOR
                                       )
13          vs                         )    1. DEFAMATION [LABOR CODE
                                       )       SECTION 1050];
14  SAPIENT CORRPORATION; and DOES 1   )    2. FRAUD AND DECEIT;
    through 50, inclusive,             )    3. VIOLATION OF LABOR CODE
15                                     )       SECTION 970;
                Defendants.            )    4. BREACH OF CONTRACT;
16                                     )    5. BREACH OF THE COVENANT OF
                                       )       GOOD FAITH AND FAIR DEALING;
17                                     )    6. VIOLATION OF PUBLIC POLICY;
                                       )    7. TORTUOUS INTERFERENCE
18                                     )       WITH PROSPECTIVE ECONOMIC
                                       )       ADVANTAGE; and
19                                          8. VIOLATIONS OF BUSINESS AND
                                               PROFESSIONS CODE SECTION
20                                             17200
                                            DEMAND FOR JURY
21

22      Plaintiff, RICHARD MIGGLIOZZI, alleges:

23                  **GENERAL CLAIMS AND ALLEGATIONS**

24      1.    Plaintiff, RICHARD MIGLIOZZI, is and was at all times herein mentioned an adult

25  living in the City of San Diego, County of San Diego, State of California.

26      2.    Defendant employer, SAPIENT CORPORATION is and was at all times herein

27  mentioned a Delaware corporation authorized to do and is doing business in the County of San

28                                  -1-

                                  COMPLAINT

1  Diego, State of California.

2      3.      The true names and capacities, whether individual, corporate, associate or

3  otherwise of defendants named herein as DOES 1 through 50, inclusive, are unknown to

4  plaintiff, who therefore sues said defendants by such fictitious names and plaintiff will amend this

5  complaint to show their true names and capacities when the same has been ascertained.

6  Plaintiff is informed and believes and thereon alleges that each of the defendants designated,

7  including the DOE defendants, are negligently, consciously, willfully, intentionally, knowingly,

8  recklessly, otherwise tortuously, or legally responsible in some manner for the events and

9  happenings herein referred to, and negligently, consciously, willfully, intentionally, knowingly,

10 recklessly or otherwise tortuously cause the injuries and damages proximately thereby to plaintiff

11 as hereinafter alleged, either through said defendants' own conduct, or through the conduct of

12 their agents, servants or employees, and each of them, due to owning, managing, operating,

13 supervising, and/or advising the manner in which Defendant, SAPIENT CORPORATION,

14 conducted it's day to day activities and operations which caused the injuries and damages herein

15 alleged. At all times herein relevant, each of the defendants was an agent, servant joint venturer

16 or employee of each of the remaining defendants, and was at all times acting within the time,

17 purpose or scope of said agency, venture or employment, and acting with the express or implied

18 knowledge, permission or consent of the remaining defendants, and each of them.

19     4.      Defendants and each of them at all times herein mentioned owned, operated,

20 possessed, maintained, controlled and managed the San Diego office of SAPIENT

21 CORPORATION.  SAPIENT CORPORATION is an international company, incorporated in

22 Delaware, with it's principal place of business in Cambridge, Massachusetts.  SAPIENT

23 describes itself by saying: "Our two service groups, Sapient Interactive and Sapient Consulting,

24 help advance your business in the mission critical areas of marketing, business operations, and

25 technology. Whether identifying and affecting consumer behavior, improving inefficient business

26 processes, or helping you stand out in a crowded category, we are focused squarely on solving

27 your business challenges. Armed with proven methods, proprietary technology, and seasoned

28 experience that comes from working with some of the world's most successful brands, our rate

-2-

COMPLAINT

1   of success is three times that of the industry average."

2       5.     On or about May 22, 2006, Plaintiff, RICHARD MIGLIOZZI, was hired as an

3 Associate, Creative Design with SAPIENT CORPORATION (Hereinafter "SAPIENT") in their

4 offices located in San Diego, California. His start date was set for June 5, 2006. Mr. Migliozzi

5 accepted the position, even though it required his having to relocate to the San Diego area.

6       6.     RICHARD MIGLIOZZI worked as a "copywriter" and the primary account that he

7 worked on was for Sony Electronics (hereinafter "Sony").

8       7.     In or around the second week of March, 2007, while attending a team meeting,

9 Plaintiff, and the others in attendance, learned that Sony would not be renewing its contract with

10 SAPIENT. Plaintiff and the other employees were informed that their positions would be "in-

11 housed" by Sony.

12       8.     In or around the end of March, 2007, Plaintiff received an e-mail from

13 CareerBuilder.com indicating that his job with SAPIENT had been posted as a job offered by

14 SONY. In or around this same time period, Plaintiff was also informed that SAPIENT planned

15 to move him to another position, but that the proposed position was only on contract through

16 September, 2007.

17       9.     Plaintiff, reviewed his employment agreement and the other guidelines,

18 agreements and handbooks that SAPIENT had provided to him when he started his employment

19 with them. Plaintiff confirmed that he was not precluded from applying for the job opening at

20 SONY. Indeed, Plaintiff discussed the SONY position with John Klein and was told that it was

21 "discouraged" but that he was not prevented from applying for the job. Plaintiff also discussed

22 the potential job with his immediate supervisor, Jodie Shotwell, who informed Plaintiff that he

23 should "got for it".

24       10.    Plaintiff submitted his resume to SONY, whose Human Resource Department

25 contacted Plaintiff to set up an interview. Plaintiff advised his immediate supervisor, Jodie

26 Shotwell, who indicated that she would advise John Klein. Plaintiff inquired as to whether it

27 would be alright for him to go ahead with the interview and Jodie Shotwell told him it would be

28 "OK".

-3-

11.     Prior to scheduling an interview, Plaintiff discussed the situation with John Klein. Mr. Klein advised Plaintiff that he should receive a promotion in June and could be making somewhere in the mid-$60,000's. At that time, Plaintiff's current team with SAPIENT was about to end and his next project wasn't slated to start for another week or two. So in order to keep all of his options open, Plaintiff set up on interview with SONY for April 3, 2007.

12.     On or around, April 5, 2007, Plaintiff received a telephone call from SONY offering him a job that would pay him $16,500 more than he was making at SAPIENT, that also came with a Senior Title.

13.     On or around, April 9, 2007, Plaintiff received a formal offer letter from SONY contingent on a background check and successfully passing a drug screening.

14.     On April 9, 2007, Plaintiff advised John Klein of his job offer from SONY. Mr. Klein told him that he did not think that SONY could hire him and that he would need to notify his supervisors. Later that day, John Klein called Plaintiff and told him that he should decline the offer from SONY and start with the "B2B" on April 10th. John Klein then threatened Plaintiff by stating that if he did not reject the SONY position, it would become a legal issue and that the SAPIENT attorneys would have to get involved. At around 5:30 p.m. Plaintiff called John Klein and informed him that in light of the uncertain future of his role at SAPIENT, he was planning on accepting the position with SONY.

15.     On or around April 10, 2007, Plaintiff received a telephone call from Dave Bernstein, a Vice President at SAPIENT. Mr. Bernstein informed Plaintiff that what he was doing was wrong, and that it would be in his best interest to decline SONY's offer and remain with SAPIENT. Mr. Bernstein said that he was informed that Sony had solicited the Plaintiff for employment and stated that SAPIENT was in the process of bringing in their legal team to "go after Sony". Plaintiff reiterated to Mr. Bernstein that he had NOT been solicited by Sony and then Plaintiff proceeded to give Mr. Bernstein a step by step recital of what actually had transpired, so that there would be no confusion and in order to confirm the fact that Sony had not solicited him. Mr. Bernstein became increasingly angry and told Plaintiff that "Rachel" had advised him that Sony had clearly solicited Plaintiff. This was a blatant misrepresentation.

-4-

1  Plaintiff does not know anyone at SAPIENT or Sony or any other business connected with his

2  work named "Rachel". The entire phone conversation was extremely harassing and Mr.

3  Bernstein repeatedly pressured Plaintiff to decline the Sony offer, or to at least admit that Sony

4  had solicited him. Plaintiff advised Mr. Bernstein that he needed some time to decide and that

5  he would get back to him.

6       16.  On or around April 12, 2007, Dave Bernstein again called Plaintiff. Plaintiff

7  advised Mr. Bernstein that he had several concerns: (1) That if he were to stay with SAPIENT,

8  his new position would require him to work directly with John Klein and that he didn't feel that

9  he could trust John after the untrue statements that John had made about Sony soliciting him;

10  and (2) If he did stay with SAPIENT, he was only an "at-will" employee, so SAPIENT could let

11  him go at any time. Mr. Bernstein responded by indicating that "we are all adults" and "we will

12  work it out". Mr. Bernstein then went on to say "There is no going back, you are an employee

13  of SAPIENT." However, Mr. Bernstein did not reassure Plaintiff that he would be an employee

14  for a long time if he decided to remain with SAPIENT.

15       17.  On or around April 12, 2007, Allen Wexler, SAPIENT's Senior Vice President,

16  called Plaintiff and was also threatening towards him. Mr. Wexler advised Plaintiff that he was

17  in Violation of the SAPIENT Code of Ethics. This was and is, not true. Mr. Wexler went on to

18  threaten Plaintiff that if he did not stay with SAPIENT that they would send a cease and desist

19  letter to Sony telling them that they could not hire him.

20       18.  On April 16, 2007, Plaintiff sent an e-mail to Dave Bernstein and Alan Wexler

21  informing them that he was resigning from SAPIENT and that April 20, 2007 would be his last

22  day of employment with them. Plaintiff's start day with Sony was set for April 23, 2007.

23       19.  Plaintiff learned later that prior to his resignation becoming effective on April 20,

24  2007, SAPIENT decided to "discharge" him on April 19, 2007. As such, his employment file and

25  records from SAPIENT officially indicate that the Plaintiff was "discharged". However, in

26  supposedly "discharging" Plaintiff, SAPIENT failed to follow any of their own required policy

27  steps in order to "discharge" an employee. The simple labeling of Plaintiff as being "discharged"

28  was a malicious and intentional act by the defendants, and each of them, to punish the Plaintiff.

-5-

1  Plaintiff's performance, at all times, had been exemplary and his employee reviews and

2  accommodations were always outstanding. In short, there was absolutely no basis for SAPIENT

3  to "discharge" Plaintiff, when his resignation would be effective the following day, other than to

4  harass, embarrass and punish the Plaintiff.

5      20.    On or around April 20, 2007, Plaintiff received a telephone call from Sony

6  indicating that because they were unable to "iron things out with SAPIENT", they had to rescind

7  the job offer that they had made to Plaintiff. Plaintiff recently learned that SAPIENT, by and

8  through a letter from Jane E. Owens, SAPIENT's Senior Vice President and General Counsel,

9  threatened Sony that their "solicitation of Rich violates the terms of the Services Agreement

10  between Sony and Sapient". Sony did not solicit Rich and at no time did Sony's actions violate

11  the terms of the Services Agreement. Ms. Owens threatening letter goes on to state "The

12  current situation regarding Rich is further troubling to Sapient because by applying to work at

13  Sony, Rich violated Sapient's Code of Ethics. A Sapient person discussing and seeking possible

14  employment with one of Sapient's clients at the same time he is part of the Sapient team

15  interacting with that client is in violation of our Code of Ethics when that person has not first

16  discussed it with his business lead. Rich informed others at Sapient *only* after he had been

17  solicited and interviewed by Sony." Again, none of this is true. Sony did not solicit the Plaintiff

18  and he discussed the position with his "business lead" and his immediate supervisor before

19  interviewing with Sony. Ms. Owens then concludes by stating "We trust you understand our

20  need to protect our significant investment in our people and our Company, as well as our need

21  to prevent unethical conduct. In light of the foregoing, we ask that Sony (I) rescind its offer of

22  employment to Rich [As of the date and time that this letter was sent, Rich has not resigned from

23  Sapient.], and (ii) refrain from any further solicitation of Sapient's people. Nothing in this letter

24  should be deemed a waiver of any of Sapient's rights, which we fully reserve."

25      21.    As a result of SAPIENT's actions in coercing Sony to withdraw their offer to

26  Plaintiff, RICH MIGLIOZZI has, for the most part been unemployed since April 20, 2007. He his

27  diligently sought employment, but his potential for employment is further constrained by the fact

28  that SAPIENT "discharged" him despite the fact that Mr. Migliozzi had already resigned. Thus,

-6-

1  any and all potential employers who do a background check on his employment history will be

2  informed that he was "discharged" by SAPIENT.  Plaintiff is currently unemployed and will likely

3  be unable to gain full and stable employment as a result of the actions of the Defendants, and

4  each of them.

5  **FIRST CAUSE OF ACTION FOR DEFAMATION [LABOR CODE SECTION 1050]**

6  (Against all Defendants)

7  22.    Plaintiff incorporates by reference all previous paragraphs of his complaint as if

8  fully set forth.

9  23.    The conduct of SAPIENT CORPORATION in "discharging" Plaintiff before his

10  resignation can become effective; in blatantly and maliciously misrepresenting the facts in their

11  threatening cease and desist letter to Sony; and in vindictively labeling his employment file and

12  record as being a "discharged" employee, individually and collectively served to defame

13  Plaintiff's professional reputation and effectively blackballed him from future employment

14  opportunities, including, but not limited to the job that he had with Sony that was rescinded on

15  April 20, 2007 due to the threatening misrepresentations of SAPIENT.

16  24.    Specifically, the misrepresentations that were communicated in Jane E. Owens

17  letter to Sony included, but were certainly not limited to the following:

18        a.    That Sony's "solicitation of Rich violates the terms of the Services

19              Agreement between Sony and Sapient".

20        b.    "The current situation regarding Rich is further troubling to Sapient because

21              by applying to work at Sony, Rich violated Sapient's Code of Ethics.  A

22              Sapient person discussing and seeking possible employment with one of

23              Sapient's clients at the same time he is part of the Sapient team interacting

24              with that client is in violation of our Code of Ethics when that person has not

25              first discussed it with his business lead.  Rich informed others at Sapient

26              *only* after he had been solicited and interviewed by Sony."

27  These defamatory statements are not true and they directly resulted in Sony's rescinding its

28  employment offer to Plaintiff causing Plaintiff to suffer the loss of the income for the Sony

-7-

1    position, as well as the benefits, title and prestige that would have come with working with Sony.

2    Pursuant to Labor Code Section 1054, Plaintiff seeks and is entitled to treble damages.

3    Furthermore, the labeling of Plaintiff has having been "discharged" has blackballed Plaintiff and

4    prevented him from obtaining other job opportunities.  As a direct result of SAPIENT's actions

5    and conduct, Plaintiff has suffered lost earnings both to date and in the future, damage to his

6    reputation, and an ongoing inability and limitation in being able to obtain employment both to

7    date and in the future. As a direct, foreseeable, and proximate result of the defendant's breach,

8    plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, and job

9    benefits, and expenses incurred in the search for comparable employment in an amount not less

10   than $50,000, the precise amount of which will be proven at trial.  As a further direct and

11   proximate result of defendants' unlawful conduct, plaintiff has suffered extreme and severe

12   anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the

13   extent of which is not fully known at this time, and the amount of damages caused by

14   defendants' conduct is not yet fully ascertained but in an amount in excess of $50,000, the

15   precise amount to be proven at the time of trial.  Plaintiff claims this amount together with

16   prejudgment interest pursuant to Civil Code Section 3287 and pursuant to any other provision

17   of law providing for prejudgment interest.

18                      **SECOND CAUSE OF ACTION FOR FRAUD AND DECEIT**

19                                   (As to all Defendants)

20          25.    Plaintiff incorporates by reference paragraphs 1 through 24, inclusive, of this

21   complaint as if fully set forth.

22          26.    On and prior to May 22, 2006, SAPIENT orally and in writing willfully, maliciously,

23   falsely, and fraudulently represented to plaintiff that if plaintiff accepted employment with

24   SAPIENT and became employed by SAPIENT, and as long as plaintiff would substantially

25   comply with all of the directions of SAPIENT, except where that performance would be unlawful,

26   SAPIENT would continue to employ plaintiff, and pay to plaintiff a fair and adequate wage and

27   certain other "fringe benefits" to and including the time of his retirement from that employment.

28   The Defendants, and each of them, further, orally and in writing, represented to plaintiff that if

                                              -8-

1   defendant employer believed that plaintiff had failed or was failing to substantially comply with

2   all of defendants' lawful directions, or that plaintiff was in danger of his employment being

3   terminated, he would receive prior notice or warning that he was in danger of his employment

4   being terminated or that this action was contemplated by defendants.

5       27.    At the time these willful, malicious, false, and fraudulent representations were

6   made by defendants to plaintiff, defendants knew that the representations were false and

7   defendants did not intend to continue to employ plaintiff as long as he would substantially comply

8   with all of the lawful directions of defendants, or give him prior notice or warning that he was in

9   danger of being discharged, but instead, willfully and maliciously made those representations

10  in order to induce plaintiff to become employed by them for a limited period of time only,

11  regardless of whether he substantially complied with all of their lawful directions.  These

12  misrepresentations were made pursuant to a design and scheme by defendants.

13      28.    At the time these representations were made, plaintiff was ignorant of their falsity,

14  but believed them to be true.  In reliance on these representations by defendants, plaintiff

15  became employed by defendant employer, under the terms and conditions mentioned in this

16  complaint, and was assigned to and did work for defendant employer's account with Sony.  At

17  all times from the date of his employment, up to and including April 20, 2007, plaintiff fulfilled all

18  of the terms of his employment and satisfactorily and substantially complied with all of

19  defendants' lawful directions.

20      29.    On April 19, 2007, without any cause whatsoever, defendants terminated plaintiff's

21  employment with defendant employer without giving any prior notice or warning that plaintiff was

22  failing, or had failed, to substantially to comply with the lawful directions of defendants, or that

23  he was in danger of his employment being terminated or that termination was contemplated by

24  defendants.  Plaintiff did not discover or become aware that the representations by defendants

25  were false and untrue until April 20, 2007.

26      30.    As a proximate result of defendant's termination of plaintiff's employment, and of

27  the wilful, malicious, false and fraudulent misrepresentations made by defendants to plaintiff,

28  plaintiff's reputation has been damaged and it has become difficult, if not impossible, for him to

-9-

1  obtain employment with other employers in a position comparable to his position with SAPIENT.

2  As a direct, foreseeable, and proximate result of the defendant's breach, plaintiff has suffered

3  and continues to suffer substantial losses in earnings, bonuses, and job benefits, and expenses

4  incurred in the search for comparable employment in an amount not less than $50,000, the

5  precise amount of which will be proven at trial.  As a further direct and proximate result of

6  defendants' unlawful conduct, plaintiff has suffered extreme and severe anguish, humiliation,

7  emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully

8  known at this time, and the amount of damages caused by defendants' conduct is not yet fully

9  ascertained but in an amount in excess of $50,000, the precise amount to be proven at the time

10  of trial.  Plaintiff claims this amount together with prejudgment interest pursuant to Civil Code

11  Section 3287 and pursuant to any other provision of law providing for prejudgment interest.

12      31.  The conduct of SAPIENT described in this complaint was oppressive, fraudulent

13  and malicious, thereby entitling plaintiff to an award of punitive damages in an amount

14  appropriate to punish and make an example of them.

15          **THIRD CAUSE OF ACTION FOR VIOLATION OF LABOR CODE SECTION 970**

16                  (As to all defendants)

17      32.  Plaintiff incorporates by reference paragraphs 1 through 31, inclusive, of this

18  complaint as if fully set forth.

19      33.  On May 22, 2006, Michael White, as agent for SAPIENT, offered plaintiff

20  employment with SAPIENT "in our offices located in San Diego, CA."  At that time, plaintiff

21  resided in Huntington Beach, California, which was prohibitively far from the proposed job

22  location for the plaintiff to commute.  Based upon the representations of employment as stated

23  herein above in this complaint, Plaintiff incurred the time and expense of moving his residence

24  and relocated to San Diego, California.

25      34.  When SAPIENT made these representations to the Plaintiff, they knew the

26  representations were false.  Specifically, SAPIENT knew that the contract with Sony would soon

27  expire and that Sony was not likely to renew the agreement.   SAPIENT also knew that if Sony

28  did not renew the agreement, that there would be no need for Plaintiff's services after only eight

1 | or nine months following his relocation.

2 | 35.    As a proximate result of defendant's termination of plaintiff's employment, and of

3 | the wilful, malicious, false and fraudulent misrepresentations made by defendants to plaintiff,

4 | plaintiff's reputation has been damaged and it has become difficult, if not impossible, for him to

5 | obtain employment with other employers in a position comparable to his position with SAPIENT.

6 | Plaintiff also incurred relocation expenses. As a direct, foreseeable, and proximate result of the

7 | defendant's breach, plaintiff has suffered and continues to suffer substantial losses in earnings,

8 | bonuses, and job benefits, and expenses incurred in the search for comparable employment in

9 | an amount not less than $50,000, the precise amount of which will be proven at trial. As a

10 | further direct and proximate result of defendants' unlawful conduct, plaintiff has suffered extreme

11 | and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and

12 | depression, the extent of which is not fully known at this time, and the amount of damages

13 | caused by defendants' conduct is not yet fully ascertained but in an amount in excess of

14 | $50,000, the precise amount to be proven at the time of trial. Plaintiff claims this amount

15 | together with prejudgment interest pursuant to Civil Code Section 3287 and pursuant to any

16 | other provision of law providing for prejudgment interest.

17 | 36.    Based on SAPIENT's misrepresentations, plaintiff accepted a position that

18 | required plaintiff to relocate. As a result of SAPIENT's false representations, plaintiff lost

19 | earnings and was terminated from his position. Therefore, defendant's actions violate Labor

20 | Code Section 970, and pursuant to Labor Code Section 972, plaintiff is entitled to double

21 | damages.

22 | **FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT**

23 | (As to All Defendants)

24 | 37.    Plaintiff incorporates by reference paragraphs 1 through 36, inclusive, of this

25 | complaint as if fully set forth.

26 | 38.    Plaintiff was employed with Defendant's, SAPIENT CORPORATION, under a

27 | contract that was partly written, partly oral, and partly implied. The terms of the contract relied

28 | on by plaintiff included but were not limited to:

-11-

Written personnel policies which provided that:

    1.    If an employee was performing unsatisfactorily the employee would be discipline in accordance with SAPIENT's progressive disciplinary steps;

    2.    Employees would be treated fairly and in accordance with the laws of the State of California.

39.    Defendants breached this contract with plaintiff by:

    a.    Falsely accusing Plaintiff of soliciting work from Sony in Violation of the SAPIENT Code of Ethics;

    b.    Failing to treat Plaintiff in accordance with defendant's stated policies;

    c.    Terminating plaintiff in breach of the promises made to him; and

    d.    Terminating plaintiff without following SAPIENT's policies and practices.

40.    As a direct, foreseeable, and proximate result of the defendant's breach, plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits, and expenses incurred in the search for comparable employment in an amount not less than $50,000, the precise amount of which will be proven at trial. As a further direct and proximate result of defendants' unlawful conduct, plaintiff has suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time, and the amount of damages caused by defendants' conduct is not yet fully ascertained but in an amount in excess of $50,000, the precise amount to be proven at the time of trial. Plaintiff claims this amount together with prejudgment interest pursuant to Civil Code Section 3287 and pursuant to any other provision of law providing for prejudgment interest.

## FIFTH CAUSE OF ACTION FOR BREACH OF THE COVENANT OF

## GOOD FAITH AND FAIR DEALING.

### (As to All Defendants)

41.    Plaintiff incorporates by reference paragraphs 1 through 40, inclusive, of this complaint as if fully set forth.

-12-

42.   As a result of the employment relationship which existed between plaintiff and the defendants, the expressed and implied promises made in connection with that relationship, and the acts, conduct, and communications resulting in these implied promises, SAPIENT, promised to act in good faith toward and deal fairly with plaintiff which requires, among other things, that:

a.   Each party in the relationship must act with good faith toward the other concerning all matters related to the employment;

b.   Each party in the relationship must act with fairness toward the other concerning all matters related to the employment;

c.   Neither party would take any action to unfairly prevent the other from obtaining the benefits of the employment relationship;

d.   defendant employer would comply with its own representations, rules, policies, and procedures in dealing with plaintiff;

e.   defendant employer would not terminate plaintiff without a fair and honest cause, regulated by good faith on defendant employer's part;

f.   defendant employer would not terminate plaintiff in an unfair manner; and

g.   defendant employer would give plaintiff's interests as much consideration as it gave its own interests.

43.   Defendant employer's termination of plaintiff was wrongful, in bad faith, and unfair, and therefore a violation of defendant employer's legal duties.  Plaintiff further alleges that defendant employer breached the covenant of good faith and fair dealing when it:

a.   Repeatedly refused to abide by its own policies when dealing with plaintiff;

b.   Terminated plaintiff's employment for false reasons and in a manner that was inconsistent with defendant employer's stated policies and practices; and

c.   Misrepresented facts to plaintiff's potential employer in order to get them to rescind the job offer that they had made to plaintiff.

44.   Defendant employer's breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to plaintiff.  As a direct and proximate result

-13-

of defendant employer's unlawful conduct alleged in this complaint, plaintiff has lost substantial employment benefits, including loss of reputation, lost wages, and other employee fringe benefits in an amount in excess of $50,000, the precise amount of which will be proven at trial.

45.    As a further direct and proximate result of defendant employer's wrongful conduct, plaintiff has suffered extreme anguish, humiliation, and emotional distress, the extent of which is not fully known at this time, but the amount of damages are in excess of $50,000, the precise amount of which will be proven at trial.

## SIXTH CAUSE OF ACTION FOR VIOLATION OF PUBLIC POLICY

### (As to all Defendants)

46.    Plaintiff incorporates by reference paragraphs 1 through 45 inclusive, of this complaint as if fully set forth.

47.    Plaintiff alleges that his termination was wrongful because it was in violation of the public policy of the State of California in that plaintiff's termination was in retaliation for plaintiff's decision to accept a job that had been lawfully obtained with Sony, a company that SAPIENT was at risk of losing as a client. Defendants conduct in defaming and blackballing Plaintiff as herein alleged above, further was in violation of the public policy of the State of California.

48.    As a direct, foreseeable, and proximate result of defendant employer's wrongful termination of plaintiff in violation of the public policy of the State of California, plaintiff has and will continue to lose income and benefits and has suffered and will continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to plaintiff's damages in an amount in excess of $100,000, the precise amount of which will be proven at trial.

49.    Because the acts taken toward plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendant employer in an amount appropriate to punish and make and example of defendant, and in excess of $500,000.

-14-

COMPLAINT

## SEVENTH CAUSE OF ACTION FOR TORTUOUS INTERFERENCE
## WITH PROSPECTIVE ECONOMIC ADVANTAGE

(As to All Defendants)

50.    Plaintiff incorporates herein paragraphs 1 through 49, inclusive of this complaint as if fully set forth.

51.    Plaintiff had entered into an employment agreement with Sony and defendants were aware of this agreement and the future economic benefit of this agreement to plaintiff. The defendant's not only had knowledge of Sony's hiring of plaintiff, the defendants intentionally misrepresented facts to Sony in order to cause Sony to rescind it's employment offer to Plaintiff. As a direct result of these misrepresentations and threats, Sony rescinded their offer of employment to Plaintiff.

52.    As a direct and proximate result of defendant employer's unlawful conduct alleged in this complaint, plaintiff has lost substantial employment benefits, including loss of reputation, lost wages, and other employee fringe benefits in an amount in excess of $50,000, the precise amount of which will be proven at trial.

53.    As a further direct and proximate result of defendant employer's wrongful conduct, plaintiff has suffered extreme anguish, humiliation, and emotional distress, the extent of which is not fully known at this time, but the amount of damages are in excess of $50,000, the precise amount of which will be proven at trial.

## EIGHTH CAUSE OF ACTION FOR VIOLATIONS OF
## BUSINESS AND PROFESSIONS CODE SECTION 17200

(As to All Defendants)

54.    Plaintiff incorporates herein paragraphs 1 through 53 inclusive of this complaint as if fully set forth.

55.    Beginning at an exact date unknown to plaintiff, SAPIENT engaged in unfair business practices as defined in California Business and Professions Code Section 17200.

56.    The unfair business practices, include, but are not limited to those actions stated herein above, such as: intentionally misrepresenting facts to others, luring employees to relocate

-15-

1  under false pretenses, terminating employees without just cause solely in retaliation for the

2  employees lawful efforts to gain employment elsewhere.

3      57.    Pursuant to California Business and Professions Code Section 17203, Plaintiff

4  requests that SAPIENT, its successors, agents, representatives, employees, and all persons

5  who act in concert with SAPIENT be permanently enjoined from committing any acts of unfair

6  competition and unfair business practices, including the violations alleged herein. Plaintiff further

7  seeks an Order that SAPIENT pay a civil penalty in the amount of $2,500 for each violation of

8  California Business and Professions Code section 17200 by SAPIENT, as proven at trial.

9

10      WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

11  As to All Causes of Action:

12      1.    For General Damages, according to proof, with interest thereon at the legal rate

13          from April 20, 2007;

14      2.    For Special Damages, including but not limited to loss of earnings and earning

15          power and/or capacity both past and future, according to proof;

16      3.    For interest on all economic damages in the legal amount;

17      4.    For attorneys fees and costs of suit incurred herein;

18      5.    For such other and further relief as the court may deem just and proper.

19  As to First Cause of Action Only:

20      6.    For Treble Damages, pursuant to Labor Code Section 1054;

21  As to Second and Sixth Causes of Action Only:

22      7.    For Exemplary and Punitive Damages, according to proof;

23  As to Third Cause of Action Only:

24      8.    For Double Damages, pursuant to Labor Code Section 972.

25  As to Eighth Cause of Action Only:

26      9.    Pursuant to California Business and Professions Code Section 17203, that

27          SAPIENT, its successors, agents, representatives, employees, and all persons

28          who act in concert with SAPIENT be permanently enjoined from committing any

-16-

1    acts of unfair competition and unfair business practices, including the violations

2    alleged herein.

3    10.    That SAPIENT pay a civil penalty in the amount of $2,500 for each violation of

4    California Business and Professions Code section 17200 by SAPIENT, as proven

5    at trial.

6

7    **DEMAND FOR JURY**

8    Plaintiff hereby demands trial of this matter by jury.

9

10    Dated:   April 21, 2008                        LAW OFFICES OF BRIAN C. GONZALEZ

11

12                                  By:   _____
                                          Brian C. Gonzalez, Esq.
13                                        Attorneys for Plaintiff, Richard Migliozzi

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brian C. Gonzalez                                    SBN140348<br>Law Offices of Brian C. Gonzalez<br>2533 S. Coast Highway 101, Suite 250<br>Cardiff by the Sea, California 92007<br><br>TELEPHONE NO.: 760-436-9529        FAX NO. (Optional): 760-436-4895<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Richard Migliozzi | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA. 92101
BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: Richard Migliozzi

DEFENDANT/RESPONDENT: Sapient Corporation, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2008-82353 |
|---|---|

TO (insert name of party being served): __SAPIENT CORPORATION__

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 1, 2008

Brian C. Gonzalez
_____
(TYPE OR PRINT NAME)

▶ _Brian Bensley_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [✔] A copy of the summons and of the complaint.
2. [✔] Other (specify):
   Notice of Case Assignment; and Notice to Litigants/ADR Information Package

**(To be completed by recipient):**

Date this form is signed: May 14, 2008

JASON A. WEISS
SAPIENT CORPORATION
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _[signature]_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 (Rev. January 1, 2005) | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.USCourtForms.com

**PROOF OF SERVICE BY MAIL**

1

2

3  STATE OF CALIFORNIA        )
                              )  ss.:
4  COUNTY OF ORANGE           ).

5

6      I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1900 Main Street, Fifth Floor, Irvine, California 92614-7321.

7

8      On May 14, 2008, I served on interested parties in said action the within:

9  **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

10 by placing a true copy thereof in sealed envelope(s) addressed as stated below.

11     Brian C. Gonzalez, Esq.
       Law Offices of Brian C. Gonzalez
12     2533 S. Coast Highway 101, Suite 250
       Cardiff by the Sea, California  92007

13

14     I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
15 day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of
16 deposit for mailing in affidavit.

17     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
18

19     Executed on May 14, 2008, at Irvine, California.

20

21     Stephanie Pattis
       (Type or print name)                        (Signature)

22

23

24

25

26

27

28

845455.01/OC

**EXHIBIT C**

*Via Fax*

1  ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
2  JASON A. WEISS (BAR NO. 185268)
   CHARLENE J. WILSON (BAR NO. 222497)
3  1900 Main Street, Fifth Floor
   Irvine, California 92614-7321
4  Phone: (949) 553-1313
   Fax: (949) 553-8354
5  E-Mail: jweiss@allenmatkins.com
           cwilson@allenmatkins.com
6
   Attorneys for Defendant
7  SAPIENT CORPORATION

8            SUPERIOR COURT OF CALIFORNIA

9               COUNTY OF SAN DIEGO

10                CENTRAL DIVISION

11  RICHARD MIGLIOZZI,                Case No. 37-2008-82353-CU-DF-CTL

12          Plaintiff,                **NOTICE TO SUPERIOR COURT AND
                                       ADVERSE PARTY OF REMOVAL TO
13      vs.                           FEDERAL COURT**

14  SAPIENT CORPORATION; and DOES 1
    through 50, inclusive,
15                                    Complaint Filed:   April 21, 2008
          Defendants.                 Trial Date:        None Set
16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

847724.01/OC

NOTICE TO SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO
FEDERAL COURT

1  TO THE CLERK OF THE COURT AND TO PLAINTIFF RICHARD MIGLIOZZI

2  AND HIS ATTORNEYS OF RECORD:

3

4      **PLEASE TAKE NOTICE THAT** a Notice of Removal of Action was filed in the

5  United States District Court for the Southern District of California on June *12*, 2008.  A

6  copy of the said Notice of Removal is attached to this Notice as <u>Exhibit "A"</u> and is served

7  and filed herewith.

8      **PLEASE TAKE FURTHER NOTICE THAT** pursuant to 28 U.S.C. Section

9  1446(d), the filing of the Notice of Removal in federal court, together with the filing of this

10 Notice, effects a complete removal of this action to federal court.

11

12 Dated:  June ___*12*___, 2008

                    ALLEN MATKINS LECK GAMBLE
13                      MALLORY & NATSIS LLP

14                  By: _____
                        JASON A. WEISS
15                      Attorneys for Defendant
                        SAPIENT CORPORATION
16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

847724.01/OC

NOTICE TO SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO
FEDERAL COURT

1                       **PROOF OF SERVICE BY MAIL**

2

3   STATE OF CALIFORNIA        )
                                  )  ss.:

4   COUNTY OF ORANGE       )

5

6        I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1900 Main Street, Fifth Floor, Irvine, California 92614-7321.

7

       On June 12, 2008, I served on interested parties in said action the within:

8

9      **NOTICE TO SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

10 by placing a true copy thereof in sealed envelope(s) addressed as stated below.

11      Brian C. Gonzalez, Esq.
     Law Offices of Brian C. Gonzalez

12      2533 S. Coast Highway 101, Suite 250
     Cardiff by the Sea, California 92007

13

14

15        I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

16

17

18        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19      Executed on June 12, 2008, at Irvine, California.

20

21      _____
         Stephanie S. Pattis                                 (Signature)

22           (Type or print name)

23

24

25

26

27

28

*Via Fax*

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| | |
|---|---|
| **I. (a) PLAINTIFFS**<br>RICHARD MIGLIOZZI | **DEFENDANTS**<br>SAPIENT CORPORATION; and DOES 1 through 50, inclusive |
| **(b)** County of Residence of First Listed Plaintiff <u>SAN DIEGO</u><br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Brian C. Gonzalez, Esq. (SBN 140348)<br>Law Offices of Brian C. Gonzalez<br>2533 S. Coast Highway, Suite 250<br>Cardiff by the Sea, California 92007 | Attorneys (If Known)<br>Jason A. Weiss, Esq. (SBN 185268)<br>Charlene Wilson, Esq. (SBN 222497)<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>1900 Main Street, 5th Floor<br>Irvine, California 92614-73 |

2008 JUN 12 PH 12: 05
SOUTHERN DISTRICT OF CALIFORNIA
BY: KMK DEPUTY

**08 CV 1045 IEG CAB**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☒ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury—Med. Malpractice<br>☐ 365 Personal Injury—Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities—Employment<br>☐ 446 Amer. w/Disabilities—Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus—Alien Detainee<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332
Brief description of cause:
Plaintiff alleges that Defendant wrongfully interfered with Plaintiff getting a different job.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $600,000.00     CHECK YES only if demanded in complaint:     JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):     JUDGE _____     DOCKET NUMBER _____

DATE June 11, 2008     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 151893     AMOUNT $350     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____
JAC  6/12/08

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 151893    — TC

## June 12, 2008
## 12:07:33

## Civ Fil Non-Pris
USAO #.: 08CV1045
Judge..: IRMA E GONZALEZ
Amount.:                    $350.00 CK
Check#.: BC10901

## Total—>  $350.00

FROM: RICHARD MIGLIOZZI
        VS.
        SAPIENT CORPORATION