JASON A. WEISS (BAR NO. 185268)
CHARLENE J. WILSON (BAR NO. 222497)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Phone: (949) 553-1313
Fax: (949) 553-8354
E-Mail: jweiss@allenmatkins.com
         cwilson@allenmatkins.com

Attorneys for Defendant
SAPIENT CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RICHARD MIGLIOZZI,<br><br>Plaintiff,<br><br>vs.<br><br>SAPIENT CORPORATION; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  08 CV 1045 IEG CAB<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE AND CHOICE OF LAW; OR, IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO TRANSFER BASED ON FORUM NON CONVENIENS**<br><br>Date:    August 4, 2008<br>Time:    10:30 a.m.<br>Ctrm:    1<br><br>Complaint Filed:  April 21, 2008<br>Trial Date:       None Set |
|---|---|

**TO PLAINTIFF AND TO HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on August 4, 2008 at 10:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 1 of the above-entitled Court, located at 880 Front Street, San Diego, California 92101-8900, Defendant Sapient Corporation ("Sapient") will and hereby does move the Court pursuant to Rules 12(b)(1), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing this action on the ground that the venue in this action is improper; or in the alternative, to transfer this action to the District of Massachusetts pursuant to 28

U.S.C. § 1406(a); or, in the alternative, to transfer to the said district for convenience of parties and witnesses under 28 U.S.C. § 1404(a). In addition, Sapient moves to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that Plaintiff cannot state a claim upon which relief can be granted, because Plaintiff styles his claims under California law despite the fact that he agreed to a choice of law provision applying Massachusetts law to the action.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and the Declaration of Bryan Jones filed and served concurrently herewith, and upon the papers, records and pleadings on file herein.

Dated: June 17, 2008

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ Jason A. Weiss
JASON A. WEISS
Attorneys for Defendant
SAPIENT CORPORATION

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................. 1

II. STATEMENT OF FACTS ..................................................................................... 2

    A. Sapient Corporation .................................................................................... 2

    B. Sapient's Rationale for the Forum Selection and Choice of Law Clauses ...................................................................................................... 3

    C. Plaintiff Richard Migliozzi ......................................................................... 4

    D. Plaintiff's Claims and Procedural History .................................................. 5

III. ARGUMENT AND AUTHORITIES .................................................................... 5

    A. The Forum Selection Clause Mandates Dismissal Or Transfer Of The Action ................................................................................................... 5

        1. Massachusetts Law Governs The Validity And Effect Of The Forum Selection Clause ................................................... 5

        2. The Forum Selection Clause Warrants Dismissal Or, Alternatively, Transfer Of The Action .......................................... 6

    B. This Court May Alternatively Dismiss Or Transfer The Case Pursuant To 28 U.S.C. § 1406(a) ............................................................. 11

    C. This Court Should Alternatively Transfer To Massachusetts For Convenience Pursuant To 28 U.S.C. § 1404(a) ...................................................................................................... 11

    D. Plaintiff's Claims Under California Law Must Be Dismissed Because Massachusetts Law Governs This Dispute ............................................................................................................ 11

IV. CONCLUSION .................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbot Laboratories v. Takeda Pharmaceutical Co. Ltd.*, 476 F.3d 421
(7th Cir. 2007) .................................................................................................. 6

*Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) ...................................... 9

*Doe v. Seacamp Ass'n, Inc.*, 276 F.Supp.2d 222 (D. Mass. 2003) ..................... 9, 10

*Jacobson v. Mail Boxes Etc. USA, Inc.*, 419 Mass. 572, 646 N.E.2d 741
(1995) ................................................................................................................ 5

*Lambert v. Kysar*, 983 F.2d 1110 (1st Cir. 1993) .................................................. 11

*Lectric's & Inc. v. Power Controls, Inc.*, 3 Mass. L. Rep. 507 (1995) ..................... 9

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) ........................................ 9

*Manetti-Farrow Inc. v. Gucci Amer., Inc.*, 858 F.2d 509 (9th Cir. 1988) ................ 6

*Nedlloyd Lines B.V. v. Superior Court*, 3 Cal.4th 459 (1992) ............................ 6, 12

*Ocwen Orlando Holdings Corp. v. Harvard Property Trust, LLC*, 2008
U.S. App. LEXIS 10181 (11th Cir. 2008) ........................................................ 8

*P & S Bus. Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804 (11th Cir.
2003) ............................................................................................................... 11

*Silva v. Encyclopedia Brittanica, Inc.*, 239 F.3d 385 (1st Cir. 2001) ................. 8, 10

*Snapper, Inc. v. Redan*, 171 F.3d 1249 n.24 (11th Cir. 1999) ................................. 7

*Stonehenge, Ltd. v. Garcia*, 989 F.Supp. 539 (S.D.N.Y. 1998) ............................. 11

*Strenko v. Inforex, Inc.*, 5 Mass. App. Ct. 253 (1970) ....................................... 5, 12

*Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544
(4th Cir. 2006) .................................................................................................. 8

**Statutes**

28 U.S.C. § 1404(a) ......................................................................................... 2, 9, 11

28 U.S.C. § 1406(a) ......................................................................................... 2, 9, 11

California Business and Professions Code § 17200 ........................................... 5, 12

California Labor Code § 1050 ................................................................................ 12

California Labor Code § 970 .................................................................................... 5

Federal Rules of Civil Procedure 12(b)(1) ..................................................... 1, 8, 9

**Page(s)**

Federal Rules of Civil Procedure 12(b)(3) ................................................................. 1, 8, 9

Federal Rules of Civil Procedure 12(b)(6) ............................................................. 1, 2, 8, 9

**Other Authorities**

Schwarzer et al., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL
    PROCEDURE BEFORE TRIAL, 9-41 (The Rutter Group 2008) ............................ 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

This case should be dismissed or transferred because Plaintiff agreed in a contractual forum selection clause to litigate this action in Massachusetts. Likewise, Plaintiff cannot state a claim under California law because he agreed that Massachusetts law governs the instant dispute.

When Plaintiff Richard Migliozzi ("Plaintiff") began his employment with Defendant Sapient Corporation ("Sapient" or the "Company"), he signed the Sapient Fair Competition Agreement ("SFCA") and Sapient Confidentiality Agreement ("SCA"), both of which contained forum selection and choice of law clauses, pursuant to which Plaintiff voluntarily and freely agreed to litigate this action in Massachusetts and be governed by the law of Massachusetts, where Sapient maintains its principal place of business.[1]

A dispute now has arisen between the parties, as reflected in the Complaint, by which Plaintiff contends that Sapient interfered with his attempt to find alternative employment with Sapient's client (Sony). Sapient maintains that Plaintiff, in the manner in which he pursued alternative employment with Sony, sought to usurp Sapient's business opportunities by capitalizing on its proprietary information and business practices, thus creating a conflict of interest in violation of Plaintiff's contractual duties under the SFCA, SCA and SCEC. Plaintiff submits that, at all times, he acted ethically in regards to his communications with Sony and he complied with his contractual duties owed to Sapient. Thus, the genesis of this action is the SFCA and SCA, pursuant to which Plaintiff agreed to a Massachusetts forum and application of Massachusetts law to resolve the parties' dispute.

In contravention of the forum selection clause, Plaintiff brought the underlying action in the Superior Court for the State of California, County of San

---

[1] Plaintiff also acknowledged and agreed in writing to abide by the terms of Sapient's Code of Ethics and Conduct ("SCEC").

Diego. And, in derogation of the choice of law provision, Plaintiff asserts claims under California law. Sapient timely removed the action to this Court. For the reasons discussed below, Sapient submits that the forum selection and choice of law clauses are valid and enforceable and, therefore, the instant action should be dismissed or, alternatively, transferred to the federal district court for the District of Massachusetts.

## II.   STATEMENT OF FACTS.

### A.   Sapient Corporation.

Sapient is a global company that partners with its clients to help advance its clients' businesses in the areas of marketing, business operations and technology. (*See* Declaration of Bryan Jones ("Jones Decl."), ¶ 3.) To fulfill its business purpose and satisfy its clients' needs, Sapient may install two or more employees ("Teams") at a client's offices, where the Teams work hand in hand with the client's employees to achieve the client's business objective. (*Id.*) The Sapient Teams are entrusted with confidential and proprietary information and know-how belonging to Sapient to perform the tasks for which the client has engaged Sapient. (*Id.*)

Armed with proven methods, proprietary technology, and seasoned with experience that comes from working with some of the world's most successful brands, Sapient enjoys a preeminent reputation and unparalleled success rate. That's in essence what the client is buying from Sapient -- the "know how" to advance a company's business in mission critical areas. (Jones Decl., ¶ 3.)

Sapient must therefore take steps to protect itself against misappropriation of confidential information and ethical breaches that threaten its business model -- both by its employees and clients. (Jones Decl., ¶ 4.) To this end, Sapient requires all of its employees to sign the Company's Confidentiality Agreement ("SCA") and agree to abide by the terms of the Code of Ethics and Conduct ("SCEC"). (*Id.*) Further, Sapient employees with higher-level access to confidential information are required to sign the Company's Fair Competition Agreement ("SFCA"). (*Id.*) In addition,

Sapient contracts with its clients in a manner designed to avoid the client's knowing or unknowing misappropriation of Sapient's confidential information. (Jones Decl., ¶ 4.) Critical to Sapient's success is that the Team members act at all times in Sapient's best interests and that Sapient's clients respect Sapient's relationship with its employees, as well as the Company's proprietary information -- information which literally is unveiled on site. (*Id.*)

Sapient's business is imperiled if an employee, during an assignment, discloses Sapient's confidential and proprietary information and trade secrets to the client in an effort to promote his own self interest -- *e.g.*, tries to secure a job with the client. (Jones Decl., ¶ 5.) In addition to the compromise of valuable proprietary information, any such disclosure or threatened disclosure may create a conflict of interest and lead a client to justifiably question whether the individual is acting in the client's best interest (as a dedicated member of the Sapient Team) or in his/her own personal interest (as someone wanting to get a new job). (*Id.*) Sapient's clients need to know that the company, including client teams, are completely committed to helping them succeed. (*Id.*)

**B.  Sapient's Rationale for the Forum Selection and Choice of Law Clauses.**

Sapient has its principal place of business in Massachusetts, where it houses approximately 268 employees. (Jones Decl., ¶ 7.) The Company only has approximately 25 employees in San Diego, but it maintains no office there. (*Id.*) Most of the Company's global operations and decision-making are conducted through the Massachusetts corporate home. (*Id.*) Its offices elsewhere are to further service Sapient's clients. (Jones Decl., ¶ 7.) Central business decisions are therefore made out of the Massachusetts corporate home. (*Id.*)

Due to the centralization of the Company in Massachusetts, and solely to facilitate consistency and accountability in the event of legal disputes, the Company maintains in its employment agreements, a forum selection clause designating

Massachusetts as the applicable forum and appointing Massachusetts law to govern any dispute that may arise. (Jones Decl., ¶ 8.) A uniform forum and choice of law is crucial to ensure that both Sapient's employees and clients understand and comply with their legal and contractual obligations and to avoid the potential for inconsistent results and forum shopping. (*Id.* at ¶ 9.) Whether the employee is located in Massachusetts, New York or California, the contractual obligations of the parties are the same and should be applied consistently. (*Id.*)

### C. Plaintiff Richard Migliozzi.

On or about May 22, 2006, Sapient hired Plaintiff as an Associate, Creative Design in its offices in San Diego, California. When Plaintiff began his employment with Sapient, he signed the SFCA and SCA, and he also acknowledged and agreed in writing to abide by the terms of the SCEC. (Jones Decl., ¶ 6 & Exhs. A, B & C.) Bestowed with proprietary information belonging to Sapient, Plaintiff was assigned to a team at Sony Electronics, where he principally worked during his employment with Sapient.

At some point during his assignment with Sony, Plaintiff pursued employment with Sony. The pursuit of employment was not problematic. Rather, the clandestine manner in which Plaintiff pursued employment with Sony, while he was employed with Sapient and working at Sony's facility, created a conflict of interest and reasonably caused Sapient concern that Plaintiff had disclosed its proprietary information to Sony to obtain a job with Sony, thereby usurping Sapient's business opportunities and jeopardizing its corporate assets.

A dispute exists as to whether Plaintiff resigned or was terminated by Sapient. More fundamentally, a dispute exists between the parties concerning Plaintiff's compliance with his contractual obligations (under the SFCA and SCA) to Sapient in connection with Plaintiff's dealings with Sony. Although Sapient could have brought, and indeed may bring, a declaratory relief and/or breach of contract action

1  against Plaintiff in Massachusetts with respect to Plaintiff's contractual obligations
2  pursuant to the SFCA and SCA, Plaintiff was first to the courthouse steps.

     **D.**    **Plaintiff's Claims and Procedural History.**

In disregard of his promises to litigate in Massachusetts under Massachusetts law, on or about April 21, 2008, Plaintiff filed a Complaint in California state court, asserting claims for defamation, fraud, violation of California Labor Code Section 970, breach of contract, breach of the covenant of good faith and fair dealing, violation of public policy, tortious interference with prospective economic advantage, and violation of California Business and Professions Code Section 17200. The gravamen of Plaintiff's lawsuit is that, despite his compliance with his contractual obligations to Sapient, the Company wrongfully interfered with Plaintiff's employment opportunities elsewhere, namely, with Sony. On June 12, 2008, Sapient timely and properly removed the action to this Court on the basis of diversity jurisdiction.

## III. ARGUMENT AND AUTHORITIES.

    **A.**    **The Forum Selection Clause Mandates Dismissal Or Transfer Of The Action.**

          1.    <u>Massachusetts Law Governs The Validity And Effect Of The Forum Selection Clause.</u>

The operative agreements contain a choice of law provision designating Massachusetts law. Under Massachusetts law, the parties' intent generally should be given effect. *See Strenko v. Inforex, Inc.*, 5 Mass. App. Ct. 253, 260 (1970) ("[w]here the parties have expressed a specific interest as to the governing law, Massachusetts courts will uphold the parties' choice of law so long as the result is not contrary to public policy and as long as the designated state has some substantial relation to the contract"); *see also Jacobson v. Mail Boxes Etc. USA, Inc.*, 419 Mass. 572, 575, 646 N.E.2d 741 (1995) (Massachusetts courts apply the law of the state selected by the parties when analyzing the effect of a forum selection clause).

Applying Massachusetts choice of law principles here, the parties' choice of law provision should be honored because (i) enforcement is not contrary to public policy, and (ii) Massachusetts has a substantial relationship to the contract, mainly, it is where Sapient has its principal place of business and conducts most of its business operations.

It should be noted that the choice of law analysis would find a similar result under California law (as would apply to the question of enforceability of the forum selection clause in this federal diversity action absent the Massachusetts choice of law provision). *See Nedlloyd Lines B.V. v. Superior Court*, 3 Cal.4th 459, 464-465 (1992) (holding that the state designated in the contract will be applied by California courts unless (i) there is no reasonable basis for the parties selection, or (ii) the law is contrary to a fundamental public policy of California). Hence, Massachusetts law governs this dispute, including the threshold question of the validity and effect of the forum selection clause. *See, e.g., Abbot Laboratories v. Takeda Pharmaceutical Co. Ltd.*, 476 F.3d 421, 423 (7th Cir. 2007) ("Simplicity argues for determining the validing and meaning of a forum selection clause . . . by reference to the law of the jurisdiction whose law governs the rest of the contract . . . .").

### 2. The Forum Selection Clause Warrants Dismissal Or, Alternatively, Transfer Of The Action.

#### a. This Case Arises Out Of The SFCA and SCA.

The SCA, and the SFCA in particular, reflect Sapient's effort to protect its confidential information, guard against unfair competition and avoid conflicts of interest. Thus, this lawsuit clearly arises out of the SFCA and SCA. *See Manetti-Farrow Inc. v. Gucci Amer., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (applying forum selection clause to tort claims as well as contract claims).

### b. The Intent Of The Forum Selection Clause Is That Litigation To Enforce Plaintiff's Promises Under The SFCA and SCA Shall Proceed In Massachusetts.

The forum selection clause at issue provides: "If we [Sapient] need to use the court system to enforce the promises in this Agreement, you [Plaintiff] agree to consent to the jurisdiction of the state and federal courts of Massachusetts." (*See* SFCA, Section 8.6.) While the clause does not contain a negative exclusion of jurisdiction, it should be treated as mandatory, rather than permissive, in light of the circumstances of this case.

Because the promises set forth in the SFCA, SCA and SCEC are made by the employee, Plaintiff, for the benefit of Sapient and its clients, it was only contemplated that enforcement of the promises would be sought by Sapient in an action initiated by Sapient. Nevertheless, Sapient seeks, through this action, enforcement of the promises set forth in the operative agreements; which it could have sought by instituting a lawsuit against Plaintiff in Massachusetts. The fact that Sapient now seeks to enforce those promises as a "defense" to Plaintiff's claims, rather than laying the foundation for affirmative claims for relief by Sapient, is irrelevant. Regardless of whether the enforcement of Plaintiff's promises is sought by defensive or affirmative measures – the intent of the parties is clear – enforcement of the promises under the SFCA and SCA is to take place in Massachusetts.

Aside from giving effect to the parties' intent, the clause should be enforced to avoid an amorphous result depending on which party initiates litigation. To this point, if Sapient initiated litigation in Massachusetts, there is no doubt that Plaintiff would have been compelled to litigate there. In this respect, the forum selection clause is mandatory. It is mandatory upon the party sued if that party had in the clause consented to jurisdiction, as Plaintiff did here. *See, e.g., Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999) (discussing that the "mandatory"

and "permissive" labels are not decisive; recognizing that even permissive clauses may become mandatory and should not be read out of a contract); *see also Ocwen Orlando Holdings Corp. v. Harvard Property Trust, LLC*, 2008 U.S. App. LEXIS 10181 (11th Cir. 2008) (same).

Holding that the clause is permissive only would serve to reward forum shopping and the first to initiate litigation. It also would require that Sapient commence litigation in Massachusetts to enforce Plaintiff's contractual obligation to litigate his claims in that forum. Principles of fairness and judicial economy warrant enforcement of the forum selection clause. Indeed, enforcing the forum selection clause would give effect to Plaintiff's promise to litigate in Massachusetts where, as here, Sapient needs to use the court system to enforce Plaintiff's promises in the SPCA and SCA.

        **c.    The Forum Selection Clause Provides The Basis For Dismissal Or Transfer Due To Improper Venue.**

Federal courts appear to be split on whether a motion to dismiss pursuant to a contractual forum-selection clause should be treated as a motion under Rule 12(b)(1), 12(b)(3) or 12(b)(6). *Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 547 (4th Cir. 2006).

In the First Circuit (which encompasses the Massachusetts federal court), a motion to dismiss based upon a forum selection clause is treated as one alleging the failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *Silva v. Encyclopedia Brittanica, Inc.*, 239 F.3d 385, 387 (1st Cir. 2001).

One of the leading federal practice guides suggests: "Defendants can (and should) move to dismiss for improper venue under all applicable rules." <u>Schwarzer et al.</u>, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, 9-41 (The Rutter Group 2008) (citing *Rainforest Café, Inc. v. EklecCo., L.L.C.*, 340 F.3d 544, 546 n.5 (implying that it is unnecessary to determine what mechanism to enforce a forum selection clause is the proper procedure where motion brought

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

under all potentially applicable options)). Borrowing from this logic, yet with deference to the First Circuit, Sapient moves for relief under 12(b)(1), 12(b)(3) and 12(b)(6), as well as 28 U.S.C. §§ 1406(a) and 1404(a).

### d.   The Forum Selection Clause Is Enforceable.

Federal courts have long enforced forum selection clauses as a matter of law. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) ("forum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable under the circumstances'; resisting party bears a heavy burden of proof in its attempt to demonstrate unreasonableness); *see Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595-596 (1991) (enforcing forum selection clause appearing on ticket to cruise and recognizing that such clauses have the "salutary effect of dispelling any confusion about where suits arising from contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding such motions").

Post-*Bremen*, courts applying Massachusetts law and federal courts in the First Circuit have identified several factors to be weighed in the decision as to whether a forum selection clause is reasonable, just and freely entered into. The factors are as follows: (i) the law governing the contract in question, (ii) the place of execution of the contract, (iii) the place where the transactions have been or will be performed, (iv) the availability of remedies in the contractually designated forum, (v) the public policy of the plaintiff's choice of forum state; (vi) the location of parties, convenience of witnesses and accessibility of evidence; (vii) the relative bargaining power of the parties and the circumstances of the negotiations; (viii) the presence of fraud or other undue influence; and (ix) the conduct of the parties. *Doe v. Seacamp Ass'n, Inc.*, 276 F.Supp.2d 222, 225 (D. Mass. 2003). One Massachusetts Superior Court has adopted a slightly condensed version of these factors. *Lectric's & Inc. v. Power Controls, Inc.*, 3 Mass. L. Rep. 507 (1995) (These

factors include "1) which state law governs the contract; 2) the residence of the parties and witnesses; 3) place of execution and/or performance of the contract; 4) public policy; 5) availability of remedies in the selected forum; and 6) inconvenience or injustice.") Whether analyzed under the nine factor or abbreviated test, the result is the same – Plaintiff cannot sustain his "heavy" burden of proving unreasonableness. *Doe*, 276 F.Supp.2d at 225. "However the factors are articulated, the [plaintiff's] burden in resisting the forum selection clause is a heavy one." *Id.*

The first factor and perhaps the most significant – the governing law – anchors the case in Massachusetts. The second factor – place of execution – is split: Plaintiff executed the agreements in California, while Sapient appended its signature in Massachusetts. Regarding the third factor, Sapient concedes that the place of performance of services by Plaintiff was in California.

The fourth and fifth factors militate in favor of the Massachusetts forum. In regards to the fourth factor – the availability of remedies – Massachusetts courts provide no limitations on remedies being sought by Plaintiff. The fifth factor – public policy – favors enforcement because both California and Massachusetts favor enforcement of forum selection clauses and no public policy of either state would be offended by enforcement. The sixth factor – which deals with the location of the parties, the convenience of witnesses and the accessibility of evidence – is inconsequential. Witnesses and evidence are located in each state.

As for the seventh factor, Sapient submits that the parties' relative bargaining power militates in its favor. *Silva*, 239 F.3d at 389 (employer's alleged superior bargaining power deemed insufficient to void forum selection clause contained in employment contract). That leaves the eighth and ninth factors, i.e. the conduct of the parties coupled with the presence (or absence) of fraud, undue influence or the like. There is simply no evidence that inclusion of the forum selection clause in the

847848.03/OC
LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

contract was the product of fraud or coercion. *Lambert v. Kysar*, 983 F.2d 1110, 111 (1st Cir. 1993). Hence, there is no reason to void the forum selection clause.

On balance, Plaintiff cannot meet his heavy burden of avoiding the forum selection clause.

### B. This Court May Alternatively Dismiss Or Transfer The Case Pursuant To 28 U.S.C. § 1406(a).

Where, as here, plaintiff commences the action in the wrong district, the court shall dismiss, or if it be in the interest of justice, transfer the action to any district in which it could have been brought. 28 U.S.C. § 1406(a). Sapient submits that this case should have been brought and certainly could have been brought in federal court in Massachusetts. Hence, dismissal or transfer under Section 1406(a) is proper.

### C. This Court Should Alternatively Transfer To Massachusetts For Convenience Pursuant To 28 U.S.C. § 1404(a).

"For the convenience of parties, witnesses and in the interest of justice," the court may transfer an action "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). For the reasons set forth above in Section III.A.2.d, most significantly, the forum selection clause, the Court should transfer this case in the interests of justice. *See Stonehenge, Ltd. v. Garcia*, 989 F.Supp. 539, 540 (S.D.N.Y. 1998) ("A party resisting transfer to a forum designated in its contract must demonstrate 'exceptional facts' indicating that transfer would be inappropriate"); *see also P & S Bus. Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) ("the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors").

### D. Plaintiff's Claims Under California Law Must Be Dismissed Because Massachusetts Law Governs This Dispute.

Plaintiff agreed that Massachusetts law governs the instant dispute. Nevertheless, he styles claims under California law and statutes. For example,

Plaintiff's first, third and eighth claims for relief are brought under California statutes – Labor Code Section 1050 (the first claim), Labor Code Section 970 (the third claim) and Business and Professions Code Section 17200 (the eighth claim). Because the substantive law of Massachusetts, rather than California, governs this action, Plaintiff's California claims fail on their face as a matter of law and should be dismissed. No legitimate basis exists to invalidate the parties' choice of law. *See Nedlloyd Lines*, 3 Cal.4th at 464-465; *accord Strenko*, 5 Mass. App. Ct. at 260.

## IV. CONCLUSION.

For the foregoing reasons, Sapient respectfully requests that the Court grant this motion and enter an order dismissing Plaintiff's Complaint or, alternatively, transferring the action to the Massachusetts district court. Sapient also respectfully requests that the Court dismiss Plaintiff's claims presented under California law.

Dated: June 17, 2008

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ Jason A. Weiss
JASON A. WEISS
Attorneys for Defendant
SAPIENT CORPORATION

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA    )
                       ) ss.:
COUNTY OF ORANGE       )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1900 Main Street, Fifth Floor, Irvine, California 92614-7321.

On June 17, 2008, I served on interested parties in said action the within:

**NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE AND VIOLATION OF CHOICE OF LAW PROVISION; OR, IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO TRANSFER BASED ON FORUM NON CONVENIENS**

by placing a true copy thereof in sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Irvine, California.

Brian C. Gonzalez, Esq.
Law Offices of Brian C. Gonzalez
2533 S. Coast Highway 101, Suite 250
Cardiff by the Sea, California 92007

I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on June 17, 2008, at Irvine, California.

_____       _____
       Stephanie S. Pattis                          (Signature)
      (Type or print name)